FIRST NAT. BANK OF LINCOLN, NEB., et al. v. PENN MUT. LIFE INS. CO.

(Circuit Court of Appeals, Eighth Circuit.   August 27, 1906.)

No. 2,314.

EVIDENCE—VARYING WRITTEN CONTRACT BY PAROL.

Where a written contract was entered into between two corporations for the settlement of all matters between them, in relation to which a number of suits were pending, which contract specified in full detail the things each was to do, and what money was to be paid, evidence is inadmissible to establish a contemporaneous parol contract requiring one of the parties to pay an additional sum as a part of the settlement.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2030.]

In Error to the Circuit Court of the United States for the District of Nebraska.

This was an action by the First National Bank of Lincoln, Neb., and the heirs of John L. Carson against the Penn Mutual Life Insurance Company to recover the amount of a judgment they had previously obtained against the New Lincoln Hotel Company. It was charged that the insurance company had obligated itself by an oral contract with the hotel company to discharge the judgment, and that the latter had assigned its rights under the contract to the plaintiffs. At the conclusion of plaintiffs' case the trial court directed a verdict for the insurance company, upon the ground that the evidence of the oral contract relied on was inadmissible because its effect was to alter and contradict a written contract between the insurance company and the hotel company which was clearly the repository of all of the agreements between them. The plaintiffs then obtained this writ of error.

The following facts were not disputed. The insurance company had secured decrees foreclosing mortgages upon a hotel owned by the hotel company, and for the personal liability of its officers upon part of the mortgage indebtedness. The insurance company was seeking to obtain possession of the property and to enforce the deficiency judgments. The hotel company was resisting, and much litigation ensued. There were suits in the Supreme Court of the United States, the Circuit Court of the United States for the district of Nebraska and the local state court. Part of the furniture and equipment of the hotel belonged to the hotel company, and part to some former tenants. The latter was claimed by the plaintiffs here, under a chattel mortgage and by the hotel company under a landlord's lien created by the lease to the tenants. The plaintiffs and the hotel company were litigating over their con-

flicting claims. The hotel company commenced a suit against the tenants to foreclose its landlord's lien and also an action in replevin to obtain possession. The plaintiffs here intervened in the replevin action and claimed the personalty in dispute under their chattel mortgage. The insurance company was not a party to the replevin action, and had no interest in it. Its claims related to the remainder of the personalty, which was concededly the property of the hotel company, and to the hotel itself and the deficiency judgments. Such were the relations of the parties.

After a course of preliminary negotiations looking to a settlement, representatives of the insurance company and hotel company came together February 10, 1900. The directors of the latter were present. After a continued discussion a settlement was agreed upon, and counsel for both parties were directed to prepare a contract accordingly. The board of directors of the hotel company met on the same day and adopted a preamble reciting that "it is desired to settle the pending litigation and all liability between the Penn Mutual Life Insurance Company and the New Lincoln Hotel Company and its sureties and there is a prospect that such settlement can be made," and also a resolution "that the president or vice-president and secretary or treasurer, or a majority of them, be authorized and empowered to execute any and all papers necessary to consummate such settlement." A contract was drawn and executed by both companies. It recited the judgment in ejectment obtained by the insurance company for the possession of the hotel, the pendency of litigation between the parties "concerning said hotel, and the possession thereof, and certain property therein contained, and it is desired to make a full settlement of the litigation." The hotel company agreed to dismiss its various actions. Each party was to pay its own costs, certain fees being waived. The hotel company agreed to pay the insurance company $8,532.74, out of which the latter was to discharge certain bills of the former contracted in the operation of the hotel and aggregating $2,550.83. An itemized list of these bills was set forth in the contract. The hotel company also agreed to deliver to the insurance company, free from incumbrance, certain hotel fixtures, supplies, and furniture, the items being specified, valued at $8,303.38; also all other personal property pertaining to the hotel and not included in plaintiffs' chattel mortgage, the outstanding hotel accounts, the keys and the possession of the hotel. It also agreed to transfer to the insurance company its cause of action against the tenants above referred to and all its right in the personal property described in the suit brought to foreclose the landlord's lien, and the license for operating a saloon in the hotel. This contract was carried out; the papers necessary to that end were executed and exchanged by March 1, 1900. When the plaintiffs first intervened in the replevin action brought by the hotel company to recover possession of the personal property placed in the hotel by the tenants, they claimed a special ownership under a chattel mortgage and damages for wrongful detention in the sum of $500. They were successful in defeating the landlord's lien in the other suit of the hotel company and by proceedings in that suit the property involved, being the same as that in the replevin action, was sold to the insurance company for $5,600, which, less a small amount of costs, was paid to the plaintiffs. The replevin action, however, was not dismissed. In May, 1900, about two months after the settlement between the two companies was closed up, the plaintiffs amended their intervening demand in the replevin action and increased their claim for the wrongful detention of the property involved to $7,000; and about 18 months later they took judgment against the hotel company for $9,494.09. The hotel company, by an undated writing, assigned to the plaintiffs the right to collect this judgment from the insurance company, based upon the assertion of an oral contract on the part of the latter to pay it, made at the time of the settlement of February 10, 1900. It was evidence of this alleged oral contract that the trial court excluded.

J. H. Broady (W. E. Blake and L. C. Burr, on the brief), for plaintiffs in error.

Field, Ricketts & Ricketts and Montgomery & Hall, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

There was a written contract in clear, unambiguous and comprehensive terms, showing upon its face that it was designed to evidence a settlement of all matters in dispute between the parties who executed it. It specified in full detail the things each was to do and what moneys were to be paid. The plaintiffs desired to show by oral evidence that there was a contemporaneous unwritten contract imposing upon one of the parties an obligation to pay an additional sum of money as part of the settlement. The action of the trial court in rejecting the evidence was manifestly correct. The relations of the parties, the subject-matter and language of the contract and the circumstances surrounding its execution show that the parties intended it to be a complete memorial of their mutual agreements.

The judgment is affirmed.